UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


2/3/2009

NO. 5:09 cr 18-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| JOHN THOMAS DAVIS ) | |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, Robert Nunley, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

    1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

    2. The Defendant agrees:

        a. To waive indictment and plea guilty to the criminal information herein.

        b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663, 3663A and/or 2259. Without limiting the foregoing, the defendant agrees such restitution shall include $20,000.00 in cash and all right, title and interest in the coins, comic books and other physical assets seized during the investigation of this case. All amounts awarded as restitution shall be due and payable immediately.

        c. To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or

trigger a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control. Specifically, the Defendant agrees to voluntarily forfeit and relinquish to the United States the property specified in the criminal information. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the criminal information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms may be ordered destroyed.

f. To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

g. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h. To abide by any conditions of release pending sentencing and report timely for service of sentence.

i.  To knowingly and expressly waive any and all rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the-evidence standard.

3. The Defendant understands, agrees, and admits:

   a. That as to each Count of the information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

   **Counts One Through Six**

   (1) **Manufacture of Child Pornography**

   (2) Code section violated: <u>18 U.S.C. §2251</u>

   (3) Elements: During 2000 and 2001, including dates known and unknown,

   <u>First</u>: The Defendant, JOHN THOMAS DAVIS, did and attempted to employ, use, persuade, induce, entice, and coerce;

   <u>Second</u>: a minor child;

   <u>Third</u>: to engage in sexually explicit conduct;

   <u>Fourth</u>: for the purpose of producing visual depictions of such conduct; and

3

> Fifth: the visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

(4) Maximum term of imprisonment: 20 years

(5) Minimum term of imprisonment: 10 years

(6) Maximum term of supervised release: 3 years

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years

(8) Maximum fine: $ 250,000

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, including but not limited to the restitution agreed to in Paragraph 2.b. above.

(10) Special assessment: $100

**If the defendant has ONE prior conviction under Chapter 110, chapter 109A, or chapter 117 under Title 18, United States Code, or under the laws of any State relating to the sexual exploitation of children, then the applicable penalties in lieu of (4) and (5) above are as follows:**

(12) Maximum term of imprisonment: 30 years

(13) Minimum term of imprisonment: 15 years

**If the defendant has TWO OR MORE prior convictions under Chapter 110, chapter 109A, or chapter 117 under Title 18, United States Code, or under the laws of any State relating to the sexual exploitation of children, then the applicable penalties in lieu of (4) and (5) above are as follows:**

(14) Maximum term of imprisonment: life

(15) Minimum term of imprisonment: 30 years

<u>Count Seven</u>

**(1) receipt of Child Pornography**

4

(2) Date of offense: During a period of time between on or about April of 2005 and January of 2007

(3) Title 18, United States Code, Section 2252(a)(2)

(4) Elements:

    First: The Defendant, JOHN THOMAS DAVIS, knowingly received;

    Second: a visual depiction;

    Third: that had been mailed, shipped and transported in interstate and foreign commerce;

    Fourth: the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

    Fifth: such visual depiction was of such conduct.

(5) Maximum term of imprisonment: 20 years.

(6) Minimum term of imprisonment: 5 years.

(7) Maximum term of supervised release: minimum 5 years up to life.

(8) Maximum term of imprisonment upon revocation of supervised release: life.

**If the defendant has a prior conviction under chapter 110, section 1591, chapter 71, chapter 109A, or chapter 117 under Title 18, United States Code, or under section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the applicable penalties in lieu of (5) and (6) above are as follows:**

(9) Maximum term of imprisonment: 40 years.

5

(10) Minimum term of imprisonment: 15 years.

(11) Maximum fine: $250,000.00.

(12) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(13) Special assessment: $100.00.

(14) Other penalties: Forfeiture.

**Total Statutory Maximum Sentence: Life Imprisonment; Life Supervised Release; $1,750,000.00 Fine; $700.00 Special Assessment.**

    b.    That any sentence imposed will be without parole.

    c.    That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

    d.    That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

    e.    The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence,

employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

4. The United States agrees:

   a. That it reserves the right to make a sentence recommendation.

   b. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

   c. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Information; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

   a. The 2008 version of the United States Sentencing Guidelines should be applied to this case.

   b. A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

This the 28th day of December, 2008.

```
GEORGE E.B. HOLDING                    [signature: John Thomas Davis]
United States Attorney                 JOHN THOMAS DAVIS
                                       Defendant

BY:   [signature]                      [signature: Robert Nunley]
      JOE EXUM, JR.                    ROBERT NUNLEY
Assistant United States Attorney       Attorney for the Defendant
Criminal Division


APPROVED, this  16th  day of  January  , 2009.

[signature: Terrence W. Boyle]
UNITED STATES DISTRICT JUDGE
```